UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No.  SACV 13-38-JST (MLGx)                                          Date:  January 30, 2013
Title:  Federal Natl. Mortgage Ass'n v. J. Natividad Ponce, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not present                                             Not present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-02012-00593391**

    Plaintiff Federal National Mortgage Association filed this unlawful detainer action against Defendant J. Natividad Ponce on August 23, 2012 in Orange County Superior Court, Case Number 30-02012-00593391.  (Notice of Removal ("Notice") at 1, Doc. 1.)  On January 9, 2013, Defendant removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and civil rights  jurisdiction pursuant to 28 U.S.C. § 1443.  (Notice ¶¶ 10-32.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

    When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  SACV 13-38-JST (MLGx)                                   Date:  January 30, 2013
Title:  Federal Natl. Mortgage Ass'n v. J. Natividad Ponce, et al.

have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Here, Defendant contends that removal is proper on the basis of diversity jurisdiction because complete diversity exists between the parties, and the amount in controversy exceeds $75,000.  (Notice ¶ 17.)  However, Defendant has not met his burden of demonstrating that the amount in controversy exceeds $75,000.  Despite Defendant's contention that "possession of the property in question is [] worth far more than the $75,000 minimum required for diversity jurisdiction," (Notice ¶ 13), "[i]n unlawful detainer actions…the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy."  *Littleton Loan Servicing, L.P. v. Villegas*, No. C10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).  Here, Plaintiff's Complaint seeks only an injunction ordering Defendant to "immediately deliver possession of the property to Plaintiff."  (Compl. at 3.)

> [D]istrict courts have consistently rejected [] attempts to calculate the amount in controversy in removed unlawful detainer actions by looking to the value of the property.  *See, e.g., Wells Fargo, N.A. v. Latino,* No. 2:11–cv–02171–MCE–DAD, 2011 WL 4591229, at *1 (E.D.Cal. Sept.30, 2011) (unpublished) (stating that "because unlawful detainer actions contest the right to possession of the property, not title to the property, the actual amount in controversy here is comprised primarily of holdover damages ...").

*U.S. Bank Nat'l Ass'n v. Llopis*, 2:12-CV-00050 MCE, 2012 WL 1455191, at *4 (E.D. Cal. Apr. 26, 2012).   Based upon these facts, it is clear that holdover damages will not amount to $75,000, and thus the jurisdictional requirement is not met.

Defendant also contends that removal is proper on the basis of federal question jurisdiction because some of Defendant's "claims" arise under the Truth in Lending Act (15 U.S.C. § 1601, *et. seq.*) and the Real Estate Settlement Procedures Act (12 U.S.C. § 2601, *et. seq.*).  (Notice ¶ 10.)  However, Defendant has made no "claims" and "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-38-JST (MLGx)                                    Date:  January 30, 2013
Title:  Federal Natl. Mortgage Ass'n v. J. Natividad Ponce, et al.

*Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983) ("[I]t has been settled law that a case may not be removed to federal court on the basis of a federal defense.").  Rather, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112-13 (1936)).  Because this complaint contains only an unlawful detainer action based on California Civil Procedure Code section 1161(a) (Compl. ¶ 10.), a federal question does not present itself.  *See IndyMac Federal Bank, F.S.B. v. Ocampo,* No. EDCV 09-2337, 2010 WL 234828, at *2 (C.D.Cal. Jan.13, 2010) (remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park,* No. EDCV 09-1660, 2009 WL 3157411, at *1 (C.D.Cal. Sept.24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Finally, Defendant argues for civil rights removal, but fails to show that removal under Section 1443 is appropriate because he has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [their] federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Although Defendant declares that "Constitutional rights [have been] systematically trampled in state courts, such as but not limited to the California Superior Courts…in the trial of unlawful detainer cases following non-judicial foreclosures," (Notice ¶¶ 21, 23), he fails to assert how any statute commands the state courts to ignore his federal rights.

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case Number 30-2012-00593391.

Initials of Preparer:  enm